RECEIVED

DEC 31 2015

U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CLERK Curtis Gordon #080114

Versus

Louisiana Department of
Public Safety and Corrections
Officer and Employee
— Allen, Robyn Deville,
and Others

United States Middle
District Court

Civil Docket
Number:

A Complaint under the Civil Rights
Act, 42 U.S.C. § 1983

## I. Previous Lawsuits

A.) Have you begun other lawsuits in state of federal
court dealing with the same facts involved in this
action or otherwise relating to your imprisonment?
yes (☒)   No ( )

B.) If your answer to A is yes, describe each
lawsuit in the space below.

1.) Parties to this previous lawsuit:
   Plaintiff(s): Curtis Gordon
   Defendant(s): Public Safety and Corrections
   and employees — Allen, Robyn Deville, and others.

2.) Court:
   Louisiana Ninteenth Judicial District Court,
Parish of East Baton Rouge

3.) Docket Number: Did not receive any.

4.) Name of Judge to whom case was assigned:
unknown, never received any responsive return.

5.) Disposition:
unknown, never received court response.

6.) Date of filing lawsuit:
October 28, 2015.

7.) Date of disposition:
unknown, if any, never received any court's judgment.

C.) Have you had any previously filed federal
lawsuits or appeals, whether or not related to the
issues raised in this complaint, dismissed by
any federal court as frivolous, malicious, or for
failure to state a claim for which relief
can be granted?
yes ( )    NO (X)

II. Place of present confinement:
Louisiana State Penitentiary, Angola, Louisiana
70712.

A.) Is there a prisoner grievance procedure in this
institution? Yes (X)    NO ( )

B.) Did you present the facts relating to your
complaint in the state prisoner grievance
procedure? Yes (X)    NO ( )

C.) If your answer is yes:

1.) Identify the administrative procedure number(s)

in which the claims raised in this complaint were addressed:

There was/has been an irregularity in the procedure where petitioner had not received an administrative procedure number at the agency level nor from the state civil service department.

2.) What steps did you take?

Since there was an irregularity in the procedure where petitioner received no administrative number, petitioner filed a petition to the Louisiana Ninteenth Judicial District Court on october 28, 2015.

3.) What was the result?

Petitioner received no response, no civil docket number, nor any call to the court.

III, A, B
Parties:

In item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.

A.) Name of plaintiff(s):
curtis Gordon
Address:
Louisiana State Penitentiary, Angola, Louisiana 70712.

In item B below, place the full name of the
defendant in the first blank, his official position
in the second blank, and his place of employment
in the third blank. Use item C for the names,
positions, and places of employment of any
additional defendants.

B) Defendant:
___ Allen is employed as a corrections security
officer (colonel) at Louisiana State Penitentiary.

C.) Robyn Deville is employed as a corrections
administrative classification officer at Louisiana
State Penitentiary.
N. Burl Cain is employed as a corrections Head
warden at Louisiana State Penitentiary.
James M. LeBlanc is employed as Public Safety
and Corrections Director at the Baton Rouge
capital Station.
_____ is employed as Director of
State civil Service at the Baton Rouge
capital Station.

Ⅳ Statement of claim:
Petitioner has and is being arbitrarily and
capriciously treated in violation of both the
State of Louisiana and the United States'
constitution, statutory, and regulatory
provisions of the law.

In reference to the facts:
See attaching hand wrote Petition by Petitioner.

To Ninteenth Judicial District court

III (A)

Parties:

A.) Name of plaintiff(s):
   Curtis Gordon
   Address:
   Louisiana state Penitentiary, Angola, Louisiana 70712

B.) Defendant:
   ——Allen is employed as a corrections security officer (colonel) at Louisiana state Penitentiary.

C.) Robyn Deville is employed as a corrections administrative classification officer at Louisiana state Penitentiary.

N. Burl cain is employed as a corrections Head Warden at Louisiana state Penitentiary.

James M. LeBlanc is employed as public safety and Corrections Director at the Baton Rouge capitol station.

_____ is employed as Director of state civil service at the Baton Rouge capitol station.

To First Circuit Appellate court of
Appeals

III (B)

Parties:

A) Name of plaintiff (s)
curtis Gordon
Address:
Louisiana state Penitentiary, Angola, Louisiana 70712

B) Defendant:
— Allen is employed as a corrections security
officer (colonel) at Louisiana state Penitentiary.

C) Robyn Deville is employed as a corrections
administrative classification officer at
Louisiana state Penitentiary

N. Burl cain is employed as a corrections
Head Warden at Louisiana state Penitentiary.

James M. LeBlanc is employed as public Safety
and Corrections Director at the Baton
Rouge capital station,

——————— is employed as Director of
state civil service at the Baton Rouge
capital station,

Seeking a petition/motion for a civil rights
proceeding for continuance of improper treatment,
improper procedures, and misconduct by
corrections public servants on page (5) Five
and argument from page (4) Four to page (11)
eleven.

V. Relief:

See relief of attaching petition on page
(11) eleven and sworned oath on page (11) eleven.

Civil Docket
Number:

_____

In The
United States Middle District
Court

_____

IN RE:
Curtis Gordon #080114
Versus

Louisiana Department of
Public Safety and Corrections
Officer and Employee
___ Allen, Robyn Deville, and
Others

_____

Petition/Motion Seeking a Civil
Rights Proceeding for Continuance
of Improper Treatment, Improper
Procedures, and Misconduct by
Corrections Public Servants

_____

Federal Review
Pro se Litigation

Mr. Curtis Gordon #080114
Louisiana State Penitentiary
Angola, Louisiana 70712
PH:(225)655-4411

IN RE:
Curtis Gordon #080114
Versus
Louisiana Department of
Public Safety and Corrections
Officer and Employee
— Allen, Robyn Deville, and
Others

United States Middle
District Court

Civil Docket
Number:

## Notice

This is to notify and inform your Judicial
district Court that Petitioner is a Pauper within
the Department of Corrections and is unable to pay
any advance cost of the court. And as proof of his
indigency, Petitioner has enclosed an informa pauperis
motion and affidavit certified and notarized by the
Corrections department accounting office, and as
such, moves this court for permission to proceed
in forma pauperis.

Further, Petitioner states that he truly
believes that he has legal cause to come to this
court in that his constitution, statutory, and regulatory
rights and privileges have been violated by the
Department of Corrections public servants through the
use of-improper treatment, improper procedures, and
misconduct — their authority] where Petitioner now
comes to this court for a Judicial adjudication
of the matter for the rendering of justice (see
United States Amendments: 04, 05, and 14 and enclosed
42 U.S.C.A. §1983 form with attaching petition written
by Petitioner).

Signed this 29 date of December 2015.

curtis gordon
Petitioner

I.

# Contents

| | Page |
|---|---|
| Notice | I |
| Pauperis Motion & Affidavit | II |
| Contents | III, III-A |
| Jurisdiction | 1 |
| Reason For Granting Petition | 1 |
| Statement of Case | 2 |
| Authorities | III, III-A |
| Constitution Involved | 2 |
| Issue Involved | 3, 3 |
| Claim Involved | 3 |
| Facts Involved | 3, 4 |
| Argument | 4-11 |
| Relief | 11 |
| Sworn Oath | 11 |
| Declaration of Service | IV |

## Authorities

Constitution:
United States Amendment:

| 08-Excessive Bail, Fines, Punishments | 2 |
| 14-Citizenship; Privileges and Imunities; Due Process; Equal Protection; Appointment of Representation; Disqualification of Officer; Public Debt; Enforcement | 4 |

contents cont - I                                    Page

United States code of
Legislation:
Article:01, Section:10,
clause:01 _____ 4

Disciplinary Rule:
Louisiana Disciplinary Rules and
Procedures Book for Adult Offenders,
August 20, 2013, Rule:3-
Defiance _____ 5

Cases:
Cole V. Arkansas,
333 U.S. 196 _____ 8

Marler V. Day,
645 So. 2d 1337 _____ 7,8

Houston V. Lack,
487 U.S. 266 _____ 9

State V. Perent,
563 So. 2d 459 _____ 8

State V. Perez,
464 So. 2d 737 _____ 8,9

State V. Petitto,
35 So. 2d 1100 _____ 10,11

Jackson V. Virginia,
443 U.S. 307 _____ 7,8,10

III - A

## Declaration of Service

Petitioner swears under the penalty of perjury that a copy of this petition is to be sent to the defendants by requesting that a copy be sent to them by this court under Petitioner's indigency as provided by United States judicial code, Title 28 U.S.C.A. §1915; addressed to the defendants at the addresses of:

Director James M. LeBlanc
Department of Public Safety and Corrections
504 Mayflower Street
Post Office Box 94304
Baton Rouge, Louisiana 70804

Attorney General James D. Caldwell
Louisiana Department of Justice
1885 North Third Street
Post Office Box 94005
Baton Rouge, Louisiana 70804

Sworn this 29 date of December, 2015.

Curtis Gordon
Petitioner

IV

IN RE:                                    United States Middle
Curtis Gordon #080114                     District Court
Versus
Louisiana Department of
Public Safety and Corrections
Officer and Employee
— Allen, Robyn Deville, and               Civil Docket
Others                                    Number:

Petition/Motion Seeking a Civil Rights
Proceeding for Continuance of
Improper Treatment, Improper Procedures,
and Misconduct by Corrections Public
Servants

## Jurisdiction

This United States Middle District Court has
Jurisdiction to hear and resolve this matter as
provided by the United States Constitution Article: 3,
Section: 2, Clause: 2, with Further authorities of Amend-
ments: 1, 5, 10, 11, 2nd 14; Title 28 U.S.C.A. §§ 1331, 1343,
1915, 2201, and 2241; and Title 42 U.S.C.A. §§ 1983,
1986, 1988, and 1997.

## Reason for Granting Petition

Petitioner's rights and privileges as an incarcerated
Person has been/is being violated where there has been
and is being implemented null, void, vague, and
duplicitous! rules, plans, procedures, policies, and
orders by the Louisiana Department of Public
Safety and Corrections in reference to the inmates
Population (See Louisiana Constitution Article: 1,
Section: 2 and 23; United States Amendment: 8 and 14).

1.)

Statement of Case

On October 28, 2015, Petitioner filed a Petition to the Ninteenth Judicial District Court seeking a civil rights proceeding for fraud, misconduct, and personal exploitation of prisoner to which he did not receive a civil docket number, no responsive return, and no call to the court.

On November 12, 2015, where Petitioner did not receive a docket number, no responsive return, nor a call to the court by the Ninteenth Judicial District Court, Petitioner sent a petition seeking a writ of habeas corpus and review for improper and/or illegal treatment to the First Circuit Appellate Court of Appeals to which he again received no civil docket number, no response, and nor a call to the court.

In light of this, on December 08, 2015, Petitioner filed a Petition to the Louisiana Supreme Court seeking a writ of certiovari/prohibition for improper treatment, improper procedure, and/or misconduct to which he received no civil docket number nor the requested reliefs in that petition where he now comes to this United States Middle District Court.

Constitution Involved

Under United States Amendment: 08 — Excessive Bail, fines, Punishments, it reads: Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

Issue Involved

Has Petitioner been and is being placed and kept in disciplinary detention lockdown arbitrarily and capriciously by the Corrections public servants in violation of his constitutional right to due process

2)

Issue Cont - I

OF law?

## Claim Involved

Where Petitioner had not and was not
committing any disciplinary's rule infraction causing
a corrections security officer to initiate a
confrontation with him; then filed a false/fraudulent
disciplinary report against him and where the
Corrections Disciplinary Adjudicatory's board
members failed/refused to grant Petitioner's motion
for dismissal of the report and proceeding among
other motions and still found him guilty based on
the report of the officer; then sentenced him to
no particular length of time; having the corrections
public servants failing/refusing to release Petitioner
from detention lockdown, Petitioner avers that he
has and is being arbitrarily and capriciously treated
in violation of both the state of Louisiana and the
united states' constitution, statutory, and
regulatory provisions of law.

## Facts Involved

Petitioner requestfully moves for Judicial
notice of United States Article: 1, Section: 8, clause: 18;
Article: 1, Section: 9, clause: 3; Article: 4, Section: 2,
clause: 2, and Article: 6, clause: 2 and 3 (see further
Louisiana Constitution Article: 2, Section: 2 - Limitations on
Each Branch; Article: 3, Section: 12 - Prohibited Local and
Special Laws; Article: 4, Section: 5 [A, k] - Governor;
Power and Duties; Article: 4, Section: 8, Paragraph: 2 [A]
and Paragraph: 3; and Attorney General; Powers and Duties;
Article: 6, Section 9 - Limitations of Local Governmental

3)

## Facts Involved Cont - I

subdivisions; Article: 10, Section: 21 - Code of Ethics,
22 - Dual Office, and 30 - Oath of Office; and Article:
12, Section: 10 - Suits Against the State).

## Argument

Under United States Constitution Article: 1, Section:
10, clause: 1, it reads: No bill of attainder, ex post facto law,
or law impairing the obligation of contracts shall be enacted
(see also Article: 1, Section: 9, clause: 3; Louisiana
constitution Article: 1, Section: 23 and Article: 3, Section:
12).

Under United States constitution Amendment: 14 -
Citizens; Privileges and Immunities; Due Process; Equal
Protection; Appointment of Representation; Disqualification
of Officers; Public Debt; Enforcement - at Section: 1,
reads: All persons born or naturalized in the United
States, and subject to the Jurisdiction thereof, are
citizens of the United States and of the State wherein
they reside. No State shall make or enforce any law
which shall abridge the privileges or immunities of
citizens of the United States; nor shall any state
deprive any person of life, liberty, or property, without
due process of law; nor deny to any person within its
jurisdiction the equal protection of the laws (see
also Amendments: 1 - Petition of Grievance, 4 - Search and
seizure, 5 - Self-Incrimination; Due Process, 6 - Jury
Trials for Crimes, and Procedural Rights, 7 - Civil Trials,
8 - Excessive Punishment, 9 - Construction of Enumerated
Rights, 10 - Reserved Powers to States, 11 - Suits Against
States, and 13 - Slavery Abolished; see further Louisiana
Constitution Article: 1, Section: 1 - Origin and Purpose of
Government, 2 - Due Process of Law, 3 - Right to

4.)

Argument cont-I

Individual Dignity, 5-Right to Privacy, 9-Right to Petition, 13-Rights of the Accused, 16-Right to a Fair Trial, 20-Right to Humane Treatment, 22-Access to Court, and 24-unenumerated Rights).

In contravention of the aforementioned Constitutional provisions of law, the Department of Public Safety and Corrections have implemented a Credibility of the officer policy or procedure whereby no matter under what circumstance whether it be from a Disciplinary's report coming from the officer or a complaint filed by an inmate concerning the officer, the corrections employees' statements are taken over the inmates no matter how much evidence proof an inmate has to show in his behalf.

In a showing of this, a corrections employee, Tamica Davis, on November 19, 2013, initiated a confrontation with petitioner without having any legal cause or reason; therein, issued an arbitrary and capricious order (ordering petitioner to go to his bed) and then filed a false/fraudulent disciplinary report against petitioner for Defiance — giving the impression as if she was the assigned officer in the dormitory instead of Officer, Bernice Cavalier, who was present when the occurence took place — having petitioner placed in administrative lock-up.

Having the, August 20, 2013, Disciplinary Rules and Procedures for Adult Offenders, Rule 103-Defiance, read; Further, no offender shall obstruct, resist, distract or attempt to elude staff in the performance of their duties.

Argument cont-II

Thereafter, on November 21, 2013, a two instead
of a three members Disciplinary Adjudicatory Board's
court was held on petitioner where all of petitioner's
preliminary defensive evidence motions were denied;
having the board members find petitioner guilty based
solely on the report of the officer and sentenced
petitioner to maximum security disciplinary detention
(extended) lockdown without stating for how long;
where petitioner has been ever since. Further, where
petitioner appealed on tape giving notice to the board
that he wished to appeal that decision, the board
contrary to the Louisiana Administrative Procedure
code, Revised statute 49:957 - Examination of
evidence by Agency failed to stay the proceeding until
after the exhaustion of petitioner's appeal (see petition
to Louisiana Nineteenth Judicial District court dated 11/27/13
and to United States Middle District court dated 12/04/13;
See petition to Nineteenth Judicial District court dated 7/09/14
and 12/10/14 and to First Circuit court of Appeals dated
12/23/14 and civil docket number: 2015-CW-0242 gave to
petitioner concerning this same matter on letters dated
2/3/15 and 3/15/15; and complaint to Legal Programs
Department supervisor, Trish Foster, dated 11/05/15).

Where the Department of Corrections Adjudicatory
Board's members didn't state how long petitioner was
to be placed in disciplinary detention lockdown, there
has been an improper and/or illegal two instead of
three members (see Louisiana code of Ethics, Revised
statute 42:1141[A-2] - complaints and Investigations)
stated Lockdown Review board that has been denying/
refusing petitioner a release ever since. One of
these boards met on petitioner's unit tier of Tiger
on October 08, 2015, again, denying petitioner a

Argument cont - III

release for the stated reason of, Nature for the original reason for lockdown, having petitioner being locked down for well over the one year's prescription period (see Revised Statute 14:143-Preemption of state Law) for holding an inmate on a Disciplinary Violation.

In light of this, on October 14, 2015, petitioner filed a notice to the head warden, through the Legal Programs Department's supervisor, Trish Foster, that he was seeking a corrective adjudication and on that same date petitioner filed a complaint to the Louisiana state civil service Department dated October 14, 2015 (see Legal/Indigent Mail form receipt from classification Department) but petitioner never received a returned response or any administrative docket number from them.

So, on October 28, 2015, petitioner filed a petition/motional pleading seeking a civil rights proceeding for fraud, misconduct, and personal exploitation of prisoner to the Louisiana Nineteenth Judicial District court (see Legal/Indigent Mail form receipt from classification Department dated October 28, 2015). But, petitioner never received a written return, never received a civil docket number, never was called to the Nineteenth Judicial District court or to a video's conference, and nor did petitioner receive the requested reliefs in his petition.

In Jackson v. Virginia, 443 U.S. 307, 99 S. ct. 2781 [6/28/79 U.S. S. ct.] at Headnote:8, the court stated: under 2254 a federal court must entertain a claim by a state prisoner that he or she is being held in "custody in violation of the constitution or laws or treaties of the [443 U.S. 321] United States" (see also Marler v. Day, 645 So. 2d 1237 [LA. App. 1 cir. 1994]

Argument cont - III

where the Louisiana First circuit Appellate court of Appeals took judicial notice that a federal judge had approved the state statutory procedures in a signed formal order).

And having the case of State v. Pereret, 563 So. 2d 459 [App. 1 cir. 1990], reads: Public official's oath of office to uphold laws of state imposes upon official specific duty not to obstruct or interfere with the execution of does laws,

Then, on November 12, 2015, petitioner, in this case, filed a petition seeking a writ of habeas corpus and review for the improper and/or illegal treatment to the Louisiana First Circuit Appellate court of Appeals (see Legal/Indigent Mail Form receipt from classification Department dated November 12, 2015). But, again petitioner never received a written return, never received a civil docket number, and never received the reliefs requested in his petition (see Federal Rules of Evidence, Rule: 102 - Purpose and Construction; 201[D] - Judicial Notice of Adjudicative Facts; 402 - Relevant Evidence Generally Admissible; 602 - Lack of Personal Knowledge; and 803 - Hearsay Exceptions; Availability of Declarant Immaterial [6 and 8]).

A conviction upon a charge not made or upon a charge not tried is a denial of due process, as stated by the court in the case of Jackson v. Virginia, 443 U.S. 307, 99 S. ct. 2781 (6/28/79 U.S. S. ct) at headnote: 4 for further citing the case of Cole V. Arkansas, 333 U.S. 196, 68 S. ct. 514, 517,

And in the case of State v. Perez, 464 So. 2d 737 (sup. 1985) it reads: District attorney's or judge's intentional interference with execution of any law would constitute failure to perform duty lawfully

8)

Argument cont - $\overline{V}$

required of them under oaths of office and would constitute malfeasance.

Moving on, Petitioner in his Petitions to the Ninteenth Judicial District Court and to the First Circuit Appellate Court of Appeals has continuously complained to the Courts that he had and is having problems with his mail delivery carrying no proper postmark seal date from the Angola's post office Department and having his mail being unauthenticated as is required for first class mailing coming in or leaving out through the post office; thereby, having Petitioner's mail being subjected to tampering and/or being obstructed (see Louisiana Revised statute 14;130.1 - Obstruction of Justice). And as such, petitioner's mailings as well as petitioner are being prevented proper and full access to the Judicial Courts for a rendering of Justice.

Having Houston v. Lack, 487 U.S. 266; 108 S. ct. 2379 at headnote ; 2, read: Under Federal Rule of Appellate Procedure 4 (A)(1) setting 30-day filing period for taking appeal from denial of habeas relief, pro se petitioner's notice of appeal is "filed" at moment of delivery to prison authorities for forwarding to district court.

And where petitioner didn't receive a written return, a civil docket number, and nor the reliefs requested in his petition from the First Circuit Appellate Court of Appeals, having this type of misconduct and improper treatment occurring before (see also Petitions gave the civil docket number; 2008 - 286 - RET and 2008 - 359 - FJP, in your United States Middle District Court), on December 08, 2015, Petitioner filed a petition seeking a writ of certiorari/Prohibition

9.)

## Argument Cont.-VI

for improper treatment, improper procedure, and/or misconduct to the Louisiana Supreme court where he, again, received no civil docket number; nor a proper responsive return. However, on December 18, 2015, a mailing bearing the return address of the Louisiana Supreme court carrying a received date but no postmark seal date as required by law (see 39 U.S.C. A. §§ 207 and 404 and 18 U.S.C. § 1341) which is an unauthenticated mailing was brought to Petitioner by an Angola's postal service employee – who failed or refused to let petitioner sign his reason on the envelope – had Petitioner sign the receipt log book sheet where he stated on the log sheet; Send to court, unauthenticated mailing/no postmark seal date, see Louisiana Constitution Article I, Section: 5 – Right to Privacy and 23 – Prohibited Laws placing the date that he returned the mailing to the postal employee on the line where his name would have been had he accepted the mailing.

Having the court in Jackson v. Virginia at headnote 19, let it be known that: Constitutional

Necessity of proof beyond a reasonable doubt is not confined to those defendants who are morally blameless; even a thief is entitled to complain that he has been unconstitutionally convicted and imprisoned as a burglar.

And in State v. Petitto, 35 So. 3d 1100 (1 Cir. 2010), it reads: code of Governmental Ethics, in an attempt to protect against conflicts of interest between the private interests of a public servant and his public duties, sets up ethical standards of conduct;

### Argument Cont - VII

these standards do not require that there be
actual corruption on the part of the public servant
or actual loss by the state.

### Relief

Petitioner seeks an order declaring the acts/
inactions of the public servants to be improper or illegal;
an order prohibiting further acts/inactions of this nature;
a summary Judgment or Judgment on the pleading;
monetary award as punishment and compensation for
the deprivations and/or losts caused to petitioner; any
other relief deemed appropriate by this court; or in the
alternative a Jury's trial proceeding; petitioner
personally called to the court for a trial proceeding to
introduce the material evidence in his possession; and
in preparation for trial, petitioner moves the court for
a further discovery and investigation proceeding.

### Sworn Oath

Petitioner swears under the penalty of perjury
that the statements he has made herein are true
and correct.

sworned this 29 date of December, 2015.

Curtis Gordon
Petitioner

Notary Public or Other
Person Authorized to
Administer Oaths

Mr. Curtis Jordon #080114
Louisiana State Penitentiary
Camp "C" Tiger Four Left Box
Angola, Louisiana 70712



U.S. POSTAGE>> PITNEY BOWES

ZIP 70712 $ 001.86⁰
02 1W
0001392783 DEC 30 2015

SCREENED
OK
U.S. MARSHAL

United States middle District Court
Care of Court Clerk Nick Jorio
777 Florida   Street
Baton Rouge, Louisiana 70801

NOT CENSORED
Not Responsible for Contents
La. State Penitentiary

DEC 3 0 2015

LA. STATE PEN.
AN ALL MALE PENAL INSTITUTE